## The Union Bank of Tennessee, *vs.* Thomas Ellicott, John B. Morris and R. W. Gill.

The banking corporations of the State have the right to provide for the payment of their debts, by a transfer of all their property in trust.

The Bank of Maryland being in failing circumstances, executed an assignment of all her property to a trustee, his heirs and assigns, for the purpose of collecting claims, and paying debts. The deed contained a clause declaring that the trustee, "his heirs and assigns, shall in such manner as he shall deem best for the creditors of the said Bank, and *acting in that particular as well as in the entire execution of this trust, under the advice of A. and D., or under the advice and direction of such other person or persons as they may name for the purpose, proceed to collect,*" &c. The trustee accepted the trust, and entered upon its execution; shortly after this, at the request of various creditors of the Bank, as also of its President and Directors, and under the advice and sanction of the persons substituted in the stead of A and D, as advisors of said trust, in virtue of the clause aforesaid, the said trustee agreed to associate with himself two other trustees for the purpose of the better execution of said trusts, and thereupon the said President and Directors and trustee, executed another deed to the said first trustee, and the two other trustees, agreed upon as aforesaid—HELD, that the last deed was valid and effectual for the purposes therein expressed.

Under the act of 1818, ch. 177, and 1824, ch. 199, the debtors of the banking corporations of the State, have the right to pay their debts in the notes, and certificates of deposite, issued by such corporations, without reference to the period of time when such notes and certificates were acquired by such debtors.

The assignees and trustees of an insolvent bank, authorized to collect its debts and pay its creditors, are bound under those laws to receive payment in such notes and certificates.

APPEAL from the equity side of *Baltimore* county court, under the act of 1832, chap. 197.

The bill in this cause was filed on the 4th June, 1834, by the *President and Directors of the Union Bank of Tennessee* against *Thomas Ellicott, John B. Morris* and *Richard W. Gill,* as trustees of the *Bank of Maryland.* It alleged on behalf of the complainants, and all other creditors of the *Bank of Maryland* who should come in and contribute to the expenses of the suit, that in the prosecution of the complainants' business as bankers, the *Bank of Maryland* became indebted to them in a large sum of money, to wit, $350,000; that on the 23d day of March, 1834, the *President and Directors of the Bank of Maryland* determined to suspend further banking operations and to close their banking house, and on the same day executed a deed of assignment of all their estate, property, rights and credits to *Thomas Ellicott* in trust, to collect and realize the said property, estate, rights and credits, and to divide the same equally and rateably among all the creditors of the said *Bank of Maryland,* according to the deed of trust filed with said bill; that afterwards *John B. Morris* and *Richard W. Gill* having been associated with the said *Ellicott* in the said trust, another deed was executed on the 5th day of April, 1834, which was also filed with said bill; that complainants had no knowledge of said assignments until some time after they were made, nor did they consent or participate in any of the arrangements leading thereto; that the agent of complainant having arrived in the city of *Baltimore* some time in the month of April, 1834, found the said *Ellicott, Morris* and *Gill* acting as trustees under the

said last deed of assignment, and receiving and collecting the out-standing debts due to the *Bank of Maryland* in the notes and certificates of deposite of said bank, which were then and still continue to be greatly depreciated in value, and selling in the market for not more than forty to fifty cents in the dollar; that said agent having in vain remonstrated against this course of procedure as prejudicial to the interests of creditors, had recourse to the opinion of counsel which was against the measure; which opinion said agent communicated to said trustees, and urged them to desist from receiving any more of the notes and certificates of deposites of the *Bank of Maryland* in payment of debts due to that institution; but the said trustees nevertheless continued and still continue to do so, to the injury of the creditors, and to the exclusive benefit of the debtors of the said bank; that the course thus adopted and persisted in, is in direct violation of the spirit and letter of the provisions of the trust deed under which they act, and is not justified by the law of the land, and produces inequality among the creditors; that there will be a large deficiency in the assets of the bank.—Prayer for an injunction prohibiting the said trustees from receiving the notes and certificates of the said bank in payment of debts, and for other relief generally.

With this deed were filed the following exhibits.

1. A deed from the *President and Directors of the Bank of Maryland* to *Thomas Ellicott*, dated the 23d March, 1834. This deed recited as follows: "That whereas the parties of the first part are indebted in a large amount of money on account of deposites received by them—notes issued by them, and on various other accounts which they are now unable to meet—and whereas they have belonging to them a large amount of assets consisting of various species of property, real, personal and mixed, situate in said city and elsewhere, and which, it is believed, if properly and economically administered will be sufficient to discharge said debts, and whereas it is the opinion of said *President and*

*Directors of the Bank of Maryland*, that it is better for all the creditors of said bank, that all the assets should be placed in the hands of a private trustee, to be appropriated under the provisions of this deed to the payment of said debts," and then after granting and assigning "all the estate, property, funds, rights and credits belonging to the said bank, or in which they are in any way interested, and wherever the same may be situated, to the said *Thomas Ellicott*, his heirs and assigns for ever," declared the following trusts—to wit: "In trust that he the said *Thomas Ellicott*, his heirs and assigns, shall in such manner as he shall deem best for the creditors of the said bank, and acting in that particular, as well as in the entire execution of this trust, under the advice and direction of *Stevenson Archer* and *Thomas B. Dorsey*, or in case they decline to act, under the advice and direction of such other person or persons as they may name for the purpose, proceed to collect and realize the said property, estate, rights and credits, and from time to time as the same are realized, to divide the same equally and rateably among all the creditors of the said *Bank of Maryland.—First* deducting all necessary expenses of the trust, and such commissions as would be allowed to such trustee under the rules and practice of a court of chancery of this State, and in further trust after discharging all the debts aforesaid of said *Bank of Maryland*, the said trustee, his heirs and assigns will, subject to the deduction aforesaid, pay over and divide the balance which may be in his hands, among the stockholders of said bank according to their several interests in said bank."

2. A deed between the same parties of the 23d March, 1834, of the same character and import, designed to confirm the first, which was in fact executed on *Sunday*.

These deeds were respectively executed by the *President* of the *Bank of Maryland*, under the seal of that institution.

3. The third deed exhibited with the bill of complaint, was from the *President and Directors of the Bank of Maryland* and *Thomas Ellicott*, to *Thomas Ellicott, John B.*

*Morris* and *Richard W. Gill,* and was dated the 5th April, 1834.   It recited a reference to the two previous deeds, and that "*Thomas Ellicott* accepted the trusts so as aforesaid confided to him by said deeds respectively, and entered upon the execution of the same—And whereas, since the said *Thomas Ellicott* accepted and commenced the execution of said trusts, it has been deemed proper and advisable by the said *President and Directors of the Bank of Maryland,* the said *Thomas Ellicott,* and by various creditors of the said bank, that *John B. Morris* and *Richard W. Gill* of the city of *Baltimore,* should be associated as co-trustees with the said *Thomas Ellicott* for the accomplishment of the aforesaid deeds, and whereas the said *Morris* and *Gill* have agreed to be associated and act with the said *Thomas Ellicott* as co-trustees as aforesaid, and whereas for the effectuation of this object *John V. L. McMahon* and *Reverdy Johnson,* advisers and counsellors as to the execution of said trusts, appointed as such by the Honorable *Stevenson Archer* and *Thomas Beale Dorsey,* by and under the authority of the aforesaid deeds of trust, (they, the said *Archer* and *Dorsey* declining to act as counsellors and advisers of the said trust,) have advised the execution of these presents as is signified by their endorsement thereon," and then the said deed proceeded to assign the estate granted to the said *Thomas Ellicott,* to *Thomas Ellicott, John B. Morris* and *Richard W. Gill,* and their heirs, and the survivor or survivors of them, and their heirs for the uses and trusts specified in the deed of the 23d March, 1834.   This deed like the former was executed by the *President of the Bank of Maryland* under the corporate seal of that institution, and signed by the three trustees.   The endorsement of the advisers of the trust was as follows:

"We do hereby certify that the aforegoing deed of trust was prepared and executed under our order and direction as is recited therein.   Witness our hands and seals the 5th day of April, 1834.   *Reverdy Johnson,* (seal.)   *John V. L. McMahon,* (seal.)"

All these deeds were duly acknowledged and recorded among the land records of *Baltimore* county court.

Upon this bill the County court, (PURVIANCE, J.,) refused the injunction.

Thereupon both parties having appeared in court by their respective solicitors, filed the following agreement, viz: "The following admissions are made in this case to be used in argument by counsel on either side before the court of Appeals, or any judge thereof, to whom the application for an injunction shall be made by the complainants under the act of 1832, ch. 197.

1. It is admitted that at a special meeting of the board of directors of the *Bank of Maryland*, held in the city of *Baltimore* on the 23d March, 1834, the following resolutions were adopted by said board, preparatory to, and before the execution of the deed of trust, bearing date on that day, from the President and Directors of said bank, to *Thomas Ellicott*, which deed is referred to and exhibited with complainants' bill of complaint.

At a special meeting of the directors of the *Bank of Maryland*, held on the 23d March, 1834.

1. *Resolved*, that all debtors of this institution shall have the privilege to pay their debts to the same in notes of this bank, or in certificates of deposite, or in open accounts due by the bank.

2. *Resolved*, that a deed of trust be at once executed of all the property and funds of the *Bank of Maryland* to *Thomas Ellicott* in trust for the payment equally of all the debts and liabilities of the bank in the first place. And secondly for the distribution of any balance that may remain among the stockholders of the bank, according to their interests in said stock.

3. *Resolved*, that the cashier forthwith deliver into the *Union Bank of Maryland*, all notes and bills discounted at this institution, which when paid shall be carried to the credit of the trustee appointed to settle up the concerns of the bank.

4. *Resolved,* that all notes and bills deposited with this bank for collection, be also delivered into the *Union Bank of Maryland,* which, when collected, shall be passed to the credit of the persons or institutions by whom the same were so deposited.

5. *Resolved,* that the banking house be not hereafter opened for the transaction of any business, and that the cashier take into safe keeping all the property of the institution.

6. *Resolved,* that the cashier of the *Bank of Maryland* make the exchanges of the morning with the other banks as usual. Present :—*Evan Poultney, president, Evan T. Ellicott, Nathaniel Williams, John Glenn, Charles E. Wethered, B. C. Ross, Reverdy Johnson.*

The publication of a notice addressed to the public, sign- by the cashier of the bank, upon the 24th March, 1834, advising the suspension of the business of the bank, and the rights of debtors as to the mode of paying debts was also admitted ; and that *Thomas Ellicott* accepted the trust with knowledge of the resolutions of the 23d March, 1834, and that on the 5th April, 1834, prior to the execution of the deed of that date, similar resolutions to those of the 23d March, 1834, were adopted by the directors of the bank, and that *Morris* and *Gill* were associated as trustees with *Ellicott,* with knowledge thereof before the deed to them was executed, also with knowledge of the resolutions of the 23d March, and the publication of the 24th March.

It was also admitted, that the president of said bank *was not present* at the special meeting of the directors thereof, held on the 23rd March, when the first mentioned resolutions were adopted, being then confined to his own house by reason of sickness ; but that he afterwards, but before said deed was executed, assented to said resolutions so adopted, and signed his name to the proceedings adopting said resolutions.

It was also admitted that the complainants had no knowledge of the resolutions of the 23d March, and 5th April,

until about the middle of the month of *April;* and that complainants were duly incorporated by the *State of Tennessee.*

It was also admitted that, on the 2d April, 1834, *Stevenson Archer* and *Thomas B. Dorsey,* the advisers and directors appointed by and under the deed of trust of the 23d March, by the authority of that deed appointed *John V. L. McMahon* and *Reverdy Johnson,* advisers and directors of said trust; and that on the 8th April, 1834, the trustees aforesaid gave public notice to the debtors and creditors of the bank, of their obligation to receive the liabilities of the bank in payment of debts; and their intention to fulfil it.

The complainants being refused the injunction sought by the bill, the record was carried to the judges of the court of Appeals, under the act of 1832, *ch.* 97.

It was agreed, that if the judges of the court of Appeals, to whom the said application for an injunction may be made, or a majority of them shall be of opinion that the *trustees were, and are authorised* to receive such notes and certificates of deposite as were actually and *bona fide* the property of the person or persons offering them in payment to said trustees, at the time of the execution of the deed of the 23d March, but that said trustees were and are not authorised to receive in payment any note or certificate of deposite obtained by any debtor or debtors, after the date of the said deed of trust, then the complainant shall be at liberty to amend the prayer of the bill, in conformity with such opinion.

The cause was argued before Buchanan, Ch. J., and Stephen, Archer, and Dorsey, J's.

*G. W. Gibbs,* of *Nashville,* and *Meredith,* for the appellants.

*McMahon and Johnson,* for the trustees of the *Bank of Maryland.*

BUCHANAN, Ch. J., delivered the opinion of the court.

This case being presented to us as judges of the court of Appeals, under the provisions of the Act of Assembly of 1832, ch. 197, we have fully considered the attested copy of the bill and proceedings in the same, and of the order of the judge of *Baltimore* county court refusing the injunction prayed for by the complainants, and we have also fully considered the arguments of the solicitors of the respective parties, and are of opinion that the complainants are not entitled to the injunction prayed for, and consequently that there is no error in the order aforesaid of the judge aforesaid, refusing to award such injunction, and we therefore refuse to direct such injunction to be awarded.

It is our opinion, that the *President and Directors of the Bank of Maryland,* were authorised, and had the right to provide for the payment of the debts of the institution, by a transfer in trust of all the property of the bank; and that the deed of trust exhibited to us, of the 5th of April, 1834, to *Thomas Ellicott, John B. Morris* and *Richard W. Gill,* is a good, valid and effectual deed for the purposes therein expressed, notwithstanding the prior deeds of the 23d March, 1834, and the 26th March, 1834.

It is also our opinion, that antecedent to the execution of either of those deeds, it was the right and privilege of the debtors respectively of the *Bank of Maryland,* secured to them by the provisions of the acts of 1818, ch. 177, and 1824, ch. 199, to pay and discharge their debts to the said bank, in the notes and certificates of deposite issued by said bank, at the par or nominal value or amount of such notes or certificates of deposite; which right and privilege were not extinguished or lost to them, by operation of either of the said deeds, but remained unimpaired.

And that *Thomas Ellicott, John B. Morris* and *Richard W. Gill,* the trustees named in the deed of trust of the 5th April, 1834, are not only authorised and bound by the provisions of the acts of 1818, *ch.* 177, and 1824, *ch.* 199, independent of the resolution No. 1, passed at a special meet-

ing of the directors of the *Bank of Maryland* on the 23d of March, 1834, and of the resolution passed at a special meeting of the directors on the 5th April, 1834, or either of them, relative to the privilege of debtors to the bank, to pay such debts in the notes and certificates of deposite issued by the bank, to receive such notes and certificates at their par or nominal amount or value, in payment of debts to the bank, as the bank itself would have been bound to receive them, if no such resolutions had been passed, or deed of trust executed, whether obtained before or after the execution of the said deeds or either of them, by the debtor or debtors to the bank offering them in payment of their respective debts.

<div align="right">

John Buchanan,
John Stephen,
Stevenson Archer,
Thomas B. Dorsey.